Allent, J.
delivered the following as the opinion of tbe court:
The court is of opinion, that it appears from the evidence that Daniel Roberts did convey the land in the bill and proceedings mentioned to Redmon Cody, the ancestor of the female appellee: that such conveyance, though never recorded, and afterwards lost or destroyed, was effectual as against the grantor to vest the legal title in said Cody: and that the great lapse of time since said conveyance, in connexion with the continued and uninterrupted possession of the land by Cody and those claiming under him, furnishes a sufficient presumption against any claim on the part of the creditors of said Daniel Roberts. The court is therefore of opinion, that as the appellants have continued to hold possession of the property, and have' not asked for a rescission of the contract, it was proper, under the circumstances of the case, to decree a specific performance of the contract; and that in this there was no error in the decree. But the court is further of opinion, that the ancestor of the appellants was not bound to take the title of the appellees until the existence and validity of the said conveyance from Daniel Roberts had been judicially ascertained ; that the burthen of establishing those facts devolved upon the appellees; and therefore that they should have been decreed to pay the costs. The court is further of opinion, that as there is no record of the conveyance from Daniel Roberts, a commissioner should have been directed to execute a deed from him to the appellants. The court is further of opinion, that under the authority of Tibbs &c. v. Matthews &c. decided in this court on the sixth day of May 1829,* it was wrong to decree personally *484 against the appellants, who, as heirs of the vendee, were not liable to a personal decree. The decree should have been, that unless they paid the said debt and interest within a period to be prescribed, the land sh°uld be sold. And the court is further of opinion, that in a suit to subject lands in the hands of heirs to sale, for the equitable lien of the vendor for unpaid purchase money due from their ancestor, or for the debt of the ancestor, it is, in general, an improper exercise of discretion to decree an immediate sale without allowing any time for redemption, and to decree a sale for cash : and that if circumstances exist which render it expedient to sell forthwith and for cash, such circumstances should be disclosed by the record. In the case under consideration, nothing appears to call for or justify a departure from the general rule; and the court 'is therefore of opinion, that there was error in directing the marshal to lake possession of the land, and to sell forthwith and for ready money. It is therefore decreed, that so much of the said decree as conflicts with this opinion be reversed, and that the appellants recover against the appellees their costs here expended; that the said decree be affirmed for the residue; and that the cause be remanded, with instructions to be finally proceeded in according to the principles above declared.

 In Tibbs &c. v. Matthews &c. the court of appeals adjudged-the decree to be erroneous in this, that it was “personal against the heirs, and not conditional (as it ought to have been) that un^ less they pay the money, the lands be sold” &e.